**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

QIANYE LIN,

Petitioner,

v.

WARDEN CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-08029-JLT-EPG

A-Number: 220-619-583

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Qianye Lin is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from China. He entered the United States without inspection on or about June 20, 2021. (Doc. 1 at ¶ 24.) He was not apprehended at or near the border and was never placed in expedited removal. (*Id.*) On November 19, 2021, within one year of his arrival, Petitioner affirmatively filed a Form I-589, Application for Asylum and for Withholding of Removal, with USCIS. (*Id.* at ¶ 25.) Based on his pending asylum application, USCIS approved Petitioner's

application for employment authorization and issued him an EAD valid from April 11, 2024 through April 10, 2029. (*Id.* at ¶ 26.) Petitioner has no criminal history. (Doc. 10 at 12.) On August 5, 2026, Petitioner was a passenger in a car that was stopped on a highway in Oklahoma. (Doc. 1 at ¶ 28.) Following the stop, he was taken into ICE custody. (*Id.*) Respondents provide the following account of the traffic stop:

> Notably, on August 10, 2026, a traffic enforcement stop by a 287(g) certified law enforcement officer (presumably a Roger County Sheriff's Office deputy) resulted in an exterior canine sniff of the vehicle in which Petitioner was an occupant. The canine sniff produced a positive alert for narcotics and a probable cause search resulted in 82.5 grams of suspected Psilocybin Mushrooms and 386 grams of suspected Khat, and one of the bags emitted an odor of marijuana. Checks with ICE indicated Petitioner was unlawfully present and deportable. At the initial encounter with the officer, the driver of the vehicle told officers that she was hired to drive two of the males to Oklahoma City and the other four to Houston. The driver did not know the names of any male passengers. Around the time of the initial encounter, the driver and six passengers displayed nervousness, and the officer observed a faint odor of marijuana coming from inside the vehicle. Based on the above, law enforcement was justified in arresting Petitioner at that time. *Compare e.g. U.S. v. Carranza*, 289 F.3d 634 (9th Cir. 2002)(customs agents had probable cause to suspect alien was involved in drug smuggling and arrested him when he was a passenger in a truck containing a commercial quantity of marijuana, the driver lied about his citizenship status, and there was a strong odor of gas coming from inside the vehicle suggesting recent tampering with the fuel tank)…Based on this information, it appears Petitioner may be a danger as it appears he was suspected of being involved in drugs.

(Doc. 10 at 1-2, n.1) Petitioner disputes the facts of the account to the extent that "taken together, these circumstances support the inference that Petitioner was detained because of his alleged lack of lawful immigration status rather than suspected criminal conduct." (Doc. 12 at ¶ 7.) Moreover, Petitioner notes that Form I-213 "reports no criminal record and identifies no substances recovered from *Petitioner's person* or belongings attributed to him. Nor does it attribute to him ownership, knowledge, or control of the suspected substances." (Doc. 12 at ¶ 6)(emphasis in the original). On August 12, 2026, the Notice to Appear charging Petitioner with 8 USC § 1182(a)(6)(A)(i) and the administrative warrant were served on Petitioner. (Doc. 10 at 14-19.) Petitioner was also served a Form I-286 Notice of Custody Redetermination and requested a bond hearing before an immigration judge. (Id. at 19.) On September 10, 2026, Petitioner filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia*, that he is being detained in violation of the Due Process Clause of the Fifth Amendment.[1] (*See* Doc. 1 at ¶¶ 66-72.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents maintain that Petitioner is subject to mandatory dentition as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A). (Doc. 10 at 1.) The Court disagrees, and finds that Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. As such, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a), and not § 1225(b)(2)(A), governs Petitioner's detention. Moreover, Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Given there is no record of prior consideration of danger to the community or a flight risk, the Court finds that Petitioner is entitled

[1] Given that Petitioner's procedural due process claim serves as the basis for relief, the Court declines to address Petitioner's additional claims.

to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez,* 183 F.4th 1160 at 1167. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;
2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
3. **At least 72 hours before** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**
5. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

///

///

///

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 18, 2026_

UNITED STATES DISTRICT JUDGE